1  Jeremy C. Johnson, Bar #025203
   Courtney D. Moran, Bar #034064
2  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
3  Phoenix, Arizona 85004
   Telephone: (602) 263-1700
4  Fax: (602) 200-7868
   jjohnson@jshfirm.com
5  cmoran@jshfirm.com

6  Attorneys for Defendant Beverage Air
   Corporation
7

8              **UNITED STATES DISTRICT COURT**

9                   **DISTRICT OF ARIZONA**

| | |
|---|---|
| State Farm and Casualty Company, an Illinois Corporation, | NO. 2:18-cv-02800-PHX-DLR |
| Plaintiff, | **DEFENDANT BEVERAGE AIR CORPORATION'S NOTICE OF NON-PARTY AT FAULT** |
| v. | |
| Beverage Air Corporation, a Delaware corporation; Kelon International, Inc., a foreign corporation, partnership or other business entity; Foshan City Schunde District Sansheng Electrical Manufacture, a foreign corporation, partnership, or other business entity; Embraco North America, Inc., a foreign corporation; John Does and Jane Does I-V, husbands and wives; Black Partnerships I-V; and White Corporations I-V, | |
| Defendant. | |

Defendant Beverage Air Corporation (hereinafter referred to as "Defendant"), by and through counsel undersigned, hereby files this Notice of Non-Party at Fault advising that it reserves the right to name those persons and/or entities whose identities may become known during the course of discovery as non-parties at fault in this matter.

At this point, very little discovery has taken place as only a limited deposition of one of Defendant's representatives, Ann Radick, has been conducted to

7227461.1

1  assist Plaintiff in identifying potential parties before the statute of limitations runs.
2  Defendant has also provided Plaintiff with the two possible manufacturers of the product,
3  which Plaintiff subsequently amended its Complaint and added to this action.  Defendant
4  is not in a position, due to the lack of discovery, to identify all non-parties at fault.  In the
5  event that a Non-Party at Fault is identified during the course of discovery, Defendant will
6  promptly supplement this Notice.

7  This case arises out of a fire alleged to have been caused by a countertop
8  merchandiser series mini-fridge, Model CT96 (hereinafter, "Model CT96").  Defendant
9  did not design and/or manufacture the Model CT96.  From 2006 to 2011, Model CT96
10 was designed, manufactured and produced by Kelon International, Inc. (hereinafter,
11 "Kelon").  Defendant purchased the Model CT96's from Kelon and then redistributed to
12 dealers for commercial use.  In May of 2011, Defendant discontinued purchasing from
13 Kelon.  Afterwards, in 2012, Foshan City Shunde District Sansheng Electrical
14 Manufacture (hereinafter "Sansheng") began using Kelon's designs to design,
15 manufacture, and produce Model CT96.  Defendant purchased the Model CT96's from
16 Sansheng and then redistributed to dealers for commercial use.  At all relevant times,
17 Defendant only redistributed the Model CT96 to dealers through the Food Service
18 Distribution Dealer network and were only sold as new for commercial use.  Currently,
19 the history of the Model CT96 is unknown as the refrigerator's serial number is not
20 recoverable and, upon information and belief, it was purchased by Plaintiff's insured from
21 an individual non-party seller.

22 Discovery is continuing in this case.  Accordingly, Defendant reserves the
23 right to amend or supplement this Notice based on information disclosed in this action
24 and/or otherwise learned or obtained during discovery.  By way of explanation and
25 limitation, the actual involvement of some of the following potential non-parties at fault
26 is, at this time, still uncertain and dependent upon review of documents yet to be
27 discovered, and in some instances, depositions that are yet to be taken.  Notwithstanding,
28 Defendant hereby identifies the following non-parties who are wholly or partially at fault

7227461.1                                              2

1 in causing Plaintiff's claimed injuries and damages.

        1.    Tecumseh Products Company
               5683 Hines Drive
               Ann Arbor, Michigan 48108

During Ann Radick's limited deposition, she identified that Tecumseh Products Company (hereinafter, "Tecumseh") may be the manufacturer of the compressor used in the subject Model CT96 based upon an April 19, 2005 Underwriters Laboratories, Inc. report from Kelon. Consequently, to the extent that Tecumseh manufactured the compressor and contributed to the injuries and damages sustained by Plaintiff's insured and are being claimed in this action, the Non-Party at Fault should be held responsible at the time of trial.

        2.    The Subject Model CT96's Sub-Component Part Makers

The history of the subject Model CT96 is unknown and Defendant has provided Plaintiff with the April 19, 2005 Underwriters Laboratories, Inc. report from Kelon, among other documents, that lists numerous sub-component part makers who may have been a sub-component part marker used in the subject Model CT96. No further information has been made available that discusses which sub-component part makers were used in the subject Model CT96, and Kelon and Sansheng would be the appropriate parties to have such information. To the extent that the sub-component part makers contributed to the injuries and damages sustained by Plaintiff's insured and are being claimed in this action, the Non-Party at Fault should be held responsible at the time of trial.

        3.    All Distributors Who May Have Handled the Subject Model CT96 Before it Reached Plaintiff's Insured

The exact chain of supply for the subject Model CT96 is unknown at this time. At present, all that is known is that the Model CT96's were designed and manufactured by Kelon and Sansheng. From 2006 to 2011, Defendant purchased the Model CT96's from Kelon and then redistributed to dealers for commercial use. Afterwards, in 2012, Defendant purchased the Model CT96's from Sansheng and then redistributed to dealers for commercial use. At this early stage, the history of the subject

Model CT96 is unknown and no information has been made available that discusses all distributors that may have handled the subject Model CT96 before it reached Plaintiff's insured.  Therefore, at this early stage of discovery, Defendant wishes to place Plaintiff on notice that it intends to apportion fault for the allegations in Plaintiff's Complaint to all individuals/entities who were physically involved in the supply chain for the Model CT96.  This designation will be timely supplemented once the individuals/entities involved in the supply chain are identified through discovery.

4. Individual Non-Party Seller

Upon information and belief,  Plaintiff's insured purchased the subject Model CT96 from an individual non-party seller off of Craigslist.com.  Consequently, the history of the subject Model CT96 is unknown and no information has been made available that discusses how the individual non-party seller may have obtained, handled, used, or altered the subject Model CT96 after it entered into his or her possession.  To the extent such events contributed to the injuries and damages sustained by Plaintiff's insured and are being claimed in this action, the Non-Party at Fault should be held responsible at the time of trial.

5. All individuals/entities who may have handled the subject Model CT96 before it was purchased by Plaintiff's insured

Upon information and belief,  Plaintiff's insured purchased the subject Model CT96 from an individual non-party seller.  At this early stage, the history of the subject Model CT96 is unknown and no information has been made available that discusses all people/entities that may have handled, used, or altered the subject Model CT96 before it was entered into Plaintiff's insured's possession.  Therefore, Defendant wishes to place Plaintiff on notice that it intends to apportion fault for the allegations in Plaintiff's Complaint to all individuals and/or entities who were physically involved in handling, using, and/or altering the subject Model CT96 before the subject incident.  This designation will be timely supplemented, as needed, as discovery progresses.

6. All individuals who may have handled the subject Model CT96 after it was purchased by Plaintiff's insured

Upon information and belief, Plaintiff's insured purchased the subject Model CT96 from an individual non-party seller. At this early stage, the history of the subject Model CT96 is unknown and no information has been made available that discusses all people that may have handled, used, or altered the subject Model CT96 after it entered into Plaintiff's possession. Therefore, Defendant wishes to place Plaintiff on notice that it intends to apportion fault for the allegations in Plaintiff's Complaint to all individuals who were physically involved in handling, using, and/or altering the subject Model CT96 before the subject incident. This designation will be timely supplemented, as needed, as discovery progresses.

This case is still in its preliminary discovery stage and therefore this Notice may be amended or supplemented as discovery proceeds. Defendant notifies the Plaintiff and this Court that it may argue that the above non-parties are responsible for any or all of the damages alleged by Plaintiff.

DATED this 7th day of December, 2018.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Courtney D. Moran
Jeremy C. Johnson
Courtney D. Moran
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Beverage Air Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2018, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Kelli Huddleston