**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Company, | No. CV-18-02800-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Beverage Air Corporation, et al., | |
| Defendants. | |

Before the Court is Defendants Tecumseh Products Company LLC's and Tecumseh do Brasil's (collectively "Tecumseh Defendants") motion for a more definite statement (Doc. 42), which is fully briefed.[1] For the following reasons, Tecumseh Defendants' motion is denied.

Under Federal Rule of Civil Procedure 12(e), if "a complaint is 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,' the defendant may move for an order requiring a more definite statement by pointing out 'the defects complained of and the details desired." *Bautista v. Cty. of L.A.*, 216 F.3d 837, 843 n.1 (9th Cir. 2000). Rule 12(e) motions are "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the

---

[1] Tecumseh Defendants requested oral argument, but after reviewing the parties' briefing, the Court finds oral argument unnecessary. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

nature of the claim, such motion is inappropriate." *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003). Motions for a more definite statement are viewed with disfavor and are rarely granted because of the federal rules minimal pleading requirements. Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted. *See, e.g.*, *Bruner v. City of Phx.*, No. 18-CV-664-PHX-DJH, 2019 WL 783000, at *2 (D. Ariz. Feb. 21, 2019).

Tecumseh Defendants' argument is three-fold. First, they contend that Plaintiff's second amended complaint improperly engages in group pleading. (Doc. 48 at 6-9.) The Court disagrees. Plaintiff alleges that Tecumseh Defendants are "responsible for the design, sale, manufacture, and/or marketing of a compressor and relay" and that such products "were in a defective condition, and unreasonably dangerous to users, when they left [Tecumseh] Defendants' possession or control." (Doc. 30 ¶¶ 8,10,16.) The fact that the complaint alleges in the alternative that other named defendants designed, sold, manufacturer, and/or marketed the compressor and relay does not render the complaint vague or unintelligible.

Second, Tecumseh Defendants argue that Plaintiff fails to sufficiently allege applicable dates. (Doc. 48 at 9.) A complaint need not allege specific dates to meet Federal Rule of Civil Procedure 8's pleading requirements. *See Bruner*, 2019 WL 783000, at *2. Instead, a complaint "need only provide [the defendant] with a general timeframe of when the alleged events occurred[.]" *Id.* Plaintiff's complaint sufficiently alleges as much, providing Tecumseh Defendants with outer limits of when the allegations in the complaint would have occurred—the defective product was manufactured before December 20, 2016, and after Tecumseh Defendants began manufacturing the compressor and relay for the Model CT96 mini-fridge. (Doc. 30 at ¶¶ 8, 10, 12.) To the extent that Tecumseh Defendants want more specific detail as to the manufacture date, the proper tool for acquiring as much is discovery, not a Rule 12(e) motion.[2]

---

[2] Moreover, this information probably is within Tecumseh Defendants' control. Presumably they know when they became involved in the manufacturing of the subject product (if at all), and therefore should be able to determine the outer temporal limits of Plaintiff's claim against them.

Finally, Tecumseh Defendants assert that Plaintiff's complaint fails to properly allege jurisdiction. (Doc. 48 at 11.) Although Tecumseh Defendants do not clarify whether their challenge is to Plaintiff's allegations of personal jurisdiction or subject matter jurisdiction, the complaint is adequate in either case. For example, with respect to personal jurisdiction, Plaintiff alleges that Tecumseh Defendants "designed, made, sold, distributed, and/or marketed the compressor and relay for the mini-fridge and otherwise did business in Maricopa County and the State of Arizona." (Doc. 30 ¶¶ 8, 10.) Moreover, Plaintiff alleged that Tecumseh Defendants "caused events to occur in Maricopa County, Arizona, which form the basis of this lawsuit." (*Id.*) Likewise, the complaint offers adequate allegations of subject matter jurisdiction. For instance, Plaintiff pleads numerous allegations supporting diversity jurisdiction, including allegations concerning the amount in controversy (¶ 1) and the citizenship of the parties (¶¶ 1-10).[3]

Accordingly,

**IT IS ORDEDRED** that Tecumseh Defendants' motion (Doc. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that Tecumseh Defendants shall respond to the complaint within **seven (7) days** of this order.

Dated this 6th day of June, 2019.

Douglas L. Rayes
United States District Judge

---

[3] When the Court says that the complaint pleads adequate jurisdictional facts, the Court means that the complaint includes enough detail to enable Tecumseh Defendants to file a responsive pleading, be it an answer or a motion to dismiss. If Tecumseh Defendants believe that the complaint fails to allege sufficient facts to establish jurisdiction, they are free to move to dismiss under Rule 12(b)(1) and/or (2), and nothing in this order prejudges the merits of such a motion. But for present purposes, the complaint alleges adequate detail for Tecumseh Defendants to respond, so their motion for a more definite statement is denied.